---

### *In re* HOUSE'S ESTATE.

(*Surrogate's Court, Madison County.*   March 5, 1891.)

DIVORCE IN FOREIGN STATE—VALIDITY—RIGHT OF FIRST WIFE TO ADMINISTER HUSBAND'S ESTATE.

> A decree of divorce rendered by the court of another state, in favor of a husband, who commenced the action by the publication of process, though valid in the state where rendered, is absolutely void as against the wife, who has always lived in and been a resident of New York, who was never personally served, and who did not appear in the action, though she consented to the taking of depositions therein; and, on the husband's death, such wife is entitled to administer on his estate, notwithstanding the fact that the husband remarried in another state, and left a second wife surviving him.

On application for letters of administration on the estate of Otis N. House, deceased.

*E. F. Haskel*, for petitioner Anna E. House.   *H. D. Luce*, for petitioner Mary F. House.

KENNEDY, S.   Application is made to the surrogate by Mary F. House and Anna E. House to be appointed administratrix of the estate of Otis A. House, each claiming to be his legal widow and entitled to be thus appointed.   The facts out of which the controversy arises are as follows:   The deceased and Mary F. House intermarried in Otsego county, N. Y., March 18, 1874, and thenceforward lived together as husband and wife in that county until March, 1876, when they separated.   Subsequently Mr. House went to Ohio, where, after remaining more than a year, he commenced an action for divorce against his wife, who was then, and is now, and always has been, a resident of the state of New York.   There was no secrecy on the part of House in procuring the divorce, for the certified copies of the records of the court show that a commissioner was duly appointed to take testimony in Otsego county as to his wife having abandoned him.   Upon the execution of the commission Mrs. House was notified of the time and place of hearing, and gave the following admission of the service of such notice: "I hereby admit due personal service of a copy of the within notice, and consent that depositions may be taken and witnesses summoned in this cause without further notice to me.   *Richfield, January* 10, 1883.   MARY F. HOUSE."   Four witnesses

were sworn, and testified to the refusal of Mrs. House to live with her husband, and upon the evidence thus obtained the divorce was granted. No question is raised but that the evidence was sufficient to justify the court in granting a decree of divorce under the laws of Ohio, and it is admitted that the divorce obtained by said House from his wife on the 8th day of March, 1883, for willfully abandoning him, was granted in compliance with the laws of that state. It was also conceded that Mary F. House was not in the state of Ohio at the time the action was commenced against her, nor has she ever at any time been a resident of or within that state, and the record shows that she was never served with any process in the action, either personally or by mail, either in the state of Ohio or elsewhere. The action was commenced by the publication of a notice of the filing of a petition for a divorce in the court of common pleas of Lucas county, which notice was published for seven weeks in a newspaper published in Toledo, in that state, and the record shows that the defendant never appeared in said action either in person or by attorney. After the decree of divorce was obtained, and on the 29th day of March, 1883, the said House and Anna E. House intermarried at Erie, Monroe county, state of Michigan, and have since lived together as husband and wife. Soon after this last marriage the deceased and Anna E. removed to the village of Oneida, N. Y., and lived there until his death at that place on the 23d day of December, 1890. It is admitted that said last marriage was solemnized pursuant to the laws of the state of Michigan, and was a valid marriage under the laws of that state. The said House left no property save the usual household furniture necessary for himself and alleged wife, but, having been accidentally killed on the railroad at Oneida, it is supposed his legal representatives have a valid claim against the railroad company for a large sum, and hence arises the contest over the appointment of an administratrix for his estate. Upon the above state of facts we must hold that Mary F. House is entitled to be appointed administratrix, notwithstanding the validity of the divorce elsewhere than in the state of New York. The right of Anna E. House to administer upon the estate of the deceased does not depend upon the regularity of the Ohio divorce in that state, or the legality of the Michigan marriage, but upon the validity of said divorce in the state of New York; for, if invalid here, she has no right under it which can be enforced in this state against Mary F. House. That said divorce is absolutely void in this state is apparent from the fact that at no time has the said Mary F. House been a resident of, or been in the state of, Ohio, but has lived and been a resident of this state; that no process in said action or notice of the same was ever served upon her in Ohio or in this state; and that she never appeared or authorized any one to appear for her in said action or proceeding. Under such circumstances, the Ohio court never had any jurisdiction of the person of Mary F. House, and could not grant a judgment against her which would be valid in this state, because, in matrimonial actions, the judgment of a court of another state has no binding effect here, unless it had jurisdiction of the subject-matter, and of each of the parties thereto; and this want of jurisdiction may always be interposed against such a divorce in this state when it is sought to be enforced, or when any benefit is claimed for it; and hence, when Anna E. House seeks to avail herself of this Ohio divorce, asserting its validity in the courts of this state, and claiming by reason of it and of her marriage to the deceased that she is the legal widow of Otis A. House, and therefore entitled to be appointed his administratrix, Mary F. House has the right to contest the claim and maintain her rights as widow upon the ground that, as to her, the Ohio judgment of divorce is a nullity in this state. When Otis A. and Mary F. House intermarried in this state, being citizens thereof at the time, the law invested his wife with certain legal rights, and among them was the right to administer upon her husband's estate, if she survived him, and this right could

not be judicially or otherwise taken from her, either by the statutes or courts of another state, so long as she continued to be his wife, and remained a resident of the state of New York.   A court in Ohio cannot extend its process or its jurisdiction beyond the territorial limits of the state in which it exists, so as to subject the person or the property of the citizens of this state to its decrees, and it is the duty of this state and of its courts to protect the person and property of its citizens against the enforcement of such judgments whenever their validity is claimed within its boundaries or any attempt is made to enforce them.   It is for this state to determine who shall administer upon the estates of its intestate citizens, and among whom their property shall be distributed, and not for the courts of other states.   Our laws cannot thus be repealed and modified.   Our courts have always maintained that a citizen of this state could not be charged *in personam* by the adjudication of the courts of another state, unless he was personally served with process within the jurisdiction of such courts, or voluntarily submitted in some legal manner to their authority; and, so long as the laws of this state are thus declared, divorces obtained like the one in this proceeding must be held to be absolutely void.   There is no injustice done to any one in holding such judgments to be a nullity, because parties thus obtained divorces for the purpose of remarrying, and then returning to this state to live, assume the risk of their illegality.   Such divorces are only a cover for a domestic life unrecognized by our laws, and tolerated only by public sentiment or public indifference.   If the husbands or wives of such marriages desire to enjoy the financial results which may be acquired by their industry or otherwise, they should remain in those states where such divorces and marriages are recognized as valid, or else, by will or otherwise, dispose of their property in such manner as to confer its benefits upon the survivor.   It appearing, therefore, from the facts in this proceeding, that the alleged divorce of Otis A. House from his wife is illegal and void in the state of New York as against her, and that she is now the lawful widow of the deceased, an order will be entered appointing Mary F. House administratrix of the estate of Otis A. House, deceased.